PER CURIAM.
By a third amended complaint, the appel-lee, Marta Avellaneda, sued Florida Insurance Guaranty Association, Inc. [FIGA], seeking recovery of personal injury protection benefits. At the times involved, appel-lee was the registered owner of a certain Ford automobile possessed and used by her son-in-law, Louis Camayd. He had applied for and obtained a policy of insurance thereon from Manchester Insurance & Indemnity Company, on which he was the named insured. The application made therefor by him did not reveal that Marta Avellaneda was the owner. A space provided in the application for a statement by the applicant as to the acquisition and ownership of the vehicle was left blank.
While the policy was in effect, appellee was injured in an automobile accident when riding as a passenger in an automobile which was uninsured, and of which she was not the owner. Because of Manchester’s insolvency, the action was filed against FIGA. The defendant answered, disclaiming liability, contending the appellee (owner) was not covered by the Manchester policy. A motion of Avellaneda for summary judgment holding she was covered by the policy was granted, and the defendant appealed.
Both parties rely on Section 627.736, Florida Statutes (1975). Appellee claims coverage because of her ownership of the insured car, by virtue of subsection (4)(d)(l) which provides that the insurer of the owner of a motor vehicle shall pay PIP benefits for accidental bodily injury sustained in this state by the owner while occupying a motor vehicle if injury is caused by physical contact with a motor vehicle. However, the policy involved here was not based on an application by the owner. It was not issued to the owner, and the insured named therein was not the owner.
As showing non-coverage, the appellant relies on subsection 1 of section 627.736, which, in listing those entitled to receive PIP benefits, does not include “owner.” It lists “named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle.” Appellant points out that the appellee-owner of the insured vehicle was not within those listed categories.
The problem presented in this case was whether this policy was issued to the owner of the vehicle, and if not, then whether issuance of the policy on an application by her son-in-law which failed to disclose ap-pellee’s ownership was misleading to the insurer, or whether, by issuing the policy without determining ownership the insurer was negligent so as to make it liable for coverage of the owner. In our opinion, those matters involved issues which properly were not subject to determination on motion for summary judgment.
Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings.